**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5002-18T3

OLABODE AJOSE,

    Plaintiff-Respondent,

v.

PATRICIA HOLLOWELL,
n/k/a PATRICIA LAWRENCE,

    Defendant-Appellant.

_____

           Submitted March 17, 2020 – Decided April 6, 2020

           Before Judges Fisher and Accurso.

           On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FD-12-1630-01.

           Bernstein & Manahan, LLC, attorneys for appellant (James P. Manahan, on the briefs).

           Olabode Alfred Ajose, respondent pro se.

PER CURIAM

Although the record on appeal does not reveal the reasons for its entry, as part of this non-dissolution family court matter, a family judge entered an order on May 19, 2017, that required plaintiff Olabode Ajose to transfer fifty percent of his interest in real property on Ivy Way in Dayton to defendant Patricia Hollowell. To effectuate the transfer, the judge ordered the self-represented defendant to: prepare the deed; present it to Ajose for execution; and record it.

In July 2017, Hollowell wrote to the court for assistance because Ajose had not provided her with a copy of the existing deed. On December 21, 2017, the judge ordered Ajose to comply with the terms of the May 19, 2017 order and provide Hollowell "with information necessary for preparation of the appropriate deed."

In February 2018, Hollowell moved to enforce the prior orders. She claimed that Ajose had not cooperated, title was not "clean," and she was concerned about incurring liability by way of the transfer. On May 18, 2018, the judge ordered both parties to comply with his prior orders; he also directed Hollowell to present Ajose with "a quit claim deed for his signature within 10 days."

Hollowell did not immediately comply with the May 18, 2018 order. Instead, on May 28, she wrote to Ajose, advising of the costs involved ($300 to

prepare the deed, $100 to record it, and $500 for a title search) and again sought information from Ajose about the financial status of the property and the rights of the homeowners association. Hollowell also moved for an extension of the time to present a deed to Ajose, and, by order entered on June 5, 2018, the court granted an extension until June 30, 2018.

In early July 2018, Hollowell mailed a proposed deed to Ajose for his signature. Ajose refused to sign, correctly arguing that the proposed deed failed to comply with the judge's order that he convey only fifty percent of the property. Cross-motions were filed and, on December 4, 2018, the judge ordered that Hollowell present to Ajose – by December 14, 2018 – a quitclaim deed that would render both parties "joint tenants in common without right of survivorship, with each party owning 50% of the property," and that Ajose sign it by December 17, 2018. The judge also declared that if Hollowell failed to comply with the order, "her rights in the property shall be vacated."

On or about January 10, 2019, Hollowell provided to Ajose what was described as a quitclaim deed that proposed to transfer the property from Ajose to Ajose and Hollowell as joint tenants (fifty percent each) "with" a right of

3

survivorship.[1]  Cross motions again followed, with Hollowell also seeking a distribution of the property so that she would receive seventy-five percent, while Ajose asked that Hollowell's interest in the property be extinguished due to her failure to comply with the prior orders.  By way of an order entered on March 28, 2019, the judge granted the relief Ajose sought, and he vacated Hollowell's interest in the Dayton property.

In April 2019, Hollowell – now represented by counsel – moved for reconsideration.  Her attorney also forwarded to Ajose for his signature: a deed, which conformed with the judge's prior orders; an affidavit of consideration; and a seller's residency certification.  Ajose did not sign these documents; instead, he filed a cross-motion seeking the dismissal of Hollowell's reconsideration motion.

In ruling, the experienced family judge recounted the relevant history and Hollowell's failings in effecting the transfer of an interest in the Dayton property to her.  Nowhere did the judge suggest that this last proposed deed did not comport with his prior orders.  Indeed, in his oral decision, the judge made it

---

[1] That part of the proposed deed that called for a right of survivorship could have been cured simply by Ajose crossing out the word "with" and writing in the word "without."  That was the only thing about the deed then submitted that failed to comport with the judge's orders.

A-5002-18T3

clear that had the recent steps taken by Hollowell's attorney been taken earlier, things would likely have been different. But he held that "[t]here are consequences for actions," Hollowell had "six, seven bites at the apple," and it was too late to relieve her of the consequences of her earlier failures. The judge entered an order on June 6, 2019, that denied reconsideration.

Hollowell appeals, arguing that "[b]ecause [she] attempted in good faith to comply with the orders of the court, under the substantial compliance doctrine, [she] should be afforded the remedy of additional time to present a technically correct deed." In considering this argument and Ajose's response to it, we do not question the determination that Hollowell failed to comply with the prior orders. Hollowell was consistently "a day late and a dollar short." Each proposed deed was not only deficient but also late, and the entire process stretched out over an inordinately long period of time that was disproportionate with the undertaking.

Despite the judge's understandable consternation over Hollowell's delays and shortcomings, the decision whether to grant her one more chance should have turned on more than just the intervening delay. Equity abhors a forfeiture, Dunkin' Donuts of Am., Inc. v. Middletown Donut Corp., 100 N.J. 166, 182 (1985), and so, the question should have turned on more than Hollowell's failure

to complete the transaction. Before ordering a forfeiture, the judge should have balanced Hollowell's mistakes with any prejudice suffered by Ajose. While perhaps a nuisance or annoyance to Ajose, only Hollowell was truly harmed by her own unwillingness or inability to comply with the court orders because her failures delayed the conveyance to her. This delay has not been shown to have caused injury to Ajose; at best, he was damaged only by having to return to court on a number of occasions to seek relief or respond to Hollowell's motions. In this light, it seems to us that the forfeiture of the property interest because of Hollowell's failures is far too great a price to extract when compared to whatever injury was caused to Ajose for having to make a number of court appearances throughout this saga.

Consequently, we reverse the order under review and remand for further proceedings that would include an orderly transfer of the property interest to Hollowell and for the judge's consideration of an appropriate monetary award to compensate Ajose – if appropriate, considering as well his alleged failures to cooperate – for the injuries proximately caused by Hollowell's failure to comply with the prior orders.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6